### FEES FOR COLLECTING SPECIAL ASSESSMENTS.

Circuit Court of Cuyahoga County.

STATE OF OHIO, EX REL J. A. CLINE, PROSECUTING ATTORNEY, v. ROBERT C. WRIGHT ET AL.

Decided, 1912.

*Prosecutor May Not Maintain Action to Recover Moneys Not Belonging to County—Auditor's Fees.*

1. A county prosecuting attorney has no authority under Section 2921, General Code, to bring an action to recover from a county auditor fees alleged to have been wrongfully retained by him from the collection of special assessments levied in municipalities, as such assessments are not funds belonging to the county.

2. Under Section 1069, Revised Statutes, a county auditor was entitled to five-tenths of one mill on all moneys collected by the treasurer on special assessments, even though as a matter of convenience to the treasurer, such special assessments had been transferred to the grand duplicate instead of to a special duplicate.

*J. A. Cline,* for plaintiff in error.
*Smith, Taft & Arter,* contra.

WINCH, J.; MARVIN, J., concurs.

The prosecuting attorney of Cuyahoga county brought his action against Robert C. Wright, who was formerly auditor of Cuyahoga county, to recover certain excess fees which said auditor is alleged to have retained on the collection of special assessments levied by various municipalities situated in said county.

A demurrer to the petition was interposed and sustained on two grounds; first, that the prosecuting attorney was not authorized by law to bring the action; and second, that the auditor was entitled by law to the fees retained by him.

We think both of these grounds well taken.

*First.* The authority of the prosecutor to bring such actions is limited by Section 2921, General Code, to cases where funds of the county or public moneys in the hands of the county treasurer or belonging to the county, have been misapplied or illegally drawn or withheld from the county treasury, and in *such cases,* the action must be for the use of the county.

Special assessments collected by the county auditor for municipal corporations are not "funds of the county," nor are they "public moneys in the hands of the county treasurer" within the meaning of said section. They are "public moneys," it is true, but belonging to the municipal corporations for which they are collected, and no action can be brought for their recovery "for the use of the county," for the county has no interest in them.

This was held to be the case with regard to moneys paid into the county treasury by virtue of proceedings for the location and construction of a county ditch, in the case of *Loe* v. *State, ex rel Platt, Prosecuting Attorney,* 82 O. S., 73, and in the case of *State ex rel Gilmer, Prosecuting Attorney,* v. *Sager,* unreported, the Trumbull County Circuit Court, at its September term, 1911, held the same thing with regard to moneys paid into the county treasury by virtue of proceedings for the improvement of roads in special road districts.

*Second.* Under Section 1069, Revised Statutes of Ohio, in force when the fees here in question were retained, the auditor was allowed as compensation for his services, two-tenths of one mill on "all moneys collected by the county treasurer on the grand duplicate of the county," and five-tenths of one mill on "all moneys collected on any special duplicate."

The petition in this case shows that the auditor transferred the special assessments, certified to him by various municipalities, to the grand duplicate, and not to a special duplicate, and they were collected on the grand duplicate by the treasurer.

This was a mere method of bookkeeping and probably more convenient for the treasurer than keeping a separate duplicate for the special assessments. These levies still remained "special assessments," however, were collected as such and it is clear that the law intended that the auditor, for his labor in transferring such assessments, which it appears he has done in this case, should have compensation based upon a percentage of five-tenths of one mill on all special assessments collected.

We find no error in the record, and the judgment is affirmed.